**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| William Kostroun, <br><br>    Plaintiff, <br><br>v. <br><br>RotoUnderworld, LLC, <br><br>    Defendant. | Case No: <br><br>**COMPLAINT** <br><br>DEMAND FOR JURY TRIAL |

Plaintiff William Kostroun ("*Plaintiff*"), by and through his undersigned counsel, for his Complaint against Defendant RotoUnderworld, LLC ("*Defendant*") states and alleges as follows:

**INTRODUCTION**

1. This action seeks to recover damages for copyright infringement.

2. Plaintiff created a photograph of National Football League ("NFL") player Ty Montgomery in his New York Jets uniform (the "*Photograph*") in which Plaintiff owns the rights and licenses for various uses including online and print publications.

3. Defendant owns and operates a YouTube account named as "@PlayerProfiler" (the "*Account*").

4. Defendant owns and operates a website known as www.playerprofiler.com (the "*Website*").

5. Defendant, without permission or authorization from Plaintiff actively copied, stored, and/or displayed Plaintiff's Photograph on the Account and the Website and engaged in this misconduct knowingly and in violation of the United States copyright laws.

**PARTIES**

6. Plaintiff William Kostroun is an individual who is a citizen of the State of New

Jersey and who resides in Bergen County, New Jersey.

7. Upon information and belief, Defendant RotoUnderworld, LLC, is a Connecticut limited liability company with a principal place of business at 2490 Black Rock Tpke, Fairfield in Fairfield County, Connecticut and is liable and responsible to Plaintiff based on the facts herein alleged.

### JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

9. This Court has personal jurisdiction over RotoUnderworld, LLC because it maintains its principal place of business in Connecticut.

10. Venue is proper under 28 U.S.C. §1391(a)(2) because RotoUnderworld, LLC does business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

### FACTS COMMON TO ALL CLAIMS

**A. Plaintiff's Copyright Ownership**

11. Plaintiff is a professional photographer by trade who is the legal and rightful owner of certain photographs which Plaintiff licenses to commercially licenses.

12. Plaintiff has invested significant time and money in building Plaintiff's photograph portfolio.

13. Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office (the "*USCO*") which cover many of Plaintiff's photographs while many others are the subject of pending copyright applications.

14. Plaintiff's photographs are original, creative works in which Plaintiff's own protectable copyright interests.

15. On July 27, 2019, Plaintiff authored the Photograph. A copy of the Photograph is attached hereto as Exhibit 1.

16. In creating the Photograph, Plaintiff personally selected the subject matter,

timing, lighting, angle, perspective, depth, lens, and camera equipment used to capture the image.

17. The Photograph was registered by the USCO on September 30, 2019, under Registration No. VA 2-172-182.

18. Plaintiff created the Photograph with the intention of it being used commercially and for the purpose of display and/or public distribution.

### B. Defendant's Infringing Activity

19. RotoUnderworld, LLC is the registered owner of the Account and Website and is responsible for its content.

20. RotoUnderworld, LLC is the operator of the Account and Website and is responsible for its content.

21. The Website and Account are part of and used to advance Defendant's commercial enterprise.

22. The Website and Account are key components of Defendant's popular and lucrative commercial enterprise.

23. The Account is monetized in that it advertises and directs traffic to Defendant's Website, which is monetized in that it provides NFL analytics and guides to its members, and sells memberships/subscriptions to the public from which Defendant profits from.

24. On April 11, 2022, Plaintiff first observed the Photograph on the Account in a video dated September 8, 2019, and in an article on the Website dated December 10, 2019. Copies of screengrabs of the Account and the Website including the Photograph are attached hereto as Exhibit 2.

25. The Photograph was displayed at URLs: https://www.youtube.com/watch?v=jqfk1Re50Aw and at https://www.playerprofiler.com/article/john-ross-advanced-stats-metrics-analytics-profile-2/.

26. Without permission or authorization from Plaintiff, Defendant volitionally selected, copied, stored and/or displayed Plaintiff copyright protected Photograph as is set forth

in Exhibit "1" on the Account and the Website.

27. Upon information and belief, the Photograph was copied, stored and displayed without license or permission, thereby infringing on Plaintiff's copyrights (hereinafter the "*Infringement*").

28. The Infringements each include a URL ("*Uniform Resource Locator*") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than a transitory duration and therefore constitute a specific infringement. *17 U.S.C. §106(5); Perfect 10, Inc. v. Amazon.com, Inc., 508* F.3d 1146, 1160 (9th Cir. 2007).

29. The Infringements are exact copies of Plaintiff's original image that was directly copied and stored by Defendant on the Account and the Website.

30. Upon information and belief, Defendant takes an active and pervasive role in the content posted on its Account and its Website, including, but not limited to, copying, posting, selecting, commenting on and/or displaying images including, but not limited to, Plaintiff's Photograph.

31. Upon information and belief, the Photograph was willfully and volitionally posted to the Account and the Website by Defendant.

32. Upon information and belief, Defendant is not registered with the United States Copyright Office pursuant to 17 U.S.C. §512.

33. Upon information and belief, Defendant engaged in the Infringements knowingly and in violation of applicable United States Copyright Laws.

34. Upon information and belief, Defendant has the legal right and ability to control and limit the infringing activities on its Account and its Website, and exercised, and/or had the right and ability to exercise, such right.

35. Upon information and belief, Defendant monitors the content on its Account and Website.

36. Upon information and belief, Defendant has received a financial benefit directly

attributable to the Infringements.

37. Upon information and belief, the Infringements increased traffic to the Account and the Website and, in turn, caused Defendant to realize an increase in its revenues.

38. Upon information and belief, a large number of people have viewed the unlawful copies of the Photograph on the Account and the Website.

39. Upon information and belief, Defendant, at all times, had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

40. Defendant's use of the Photograph harmed the actual market for the Photograph.

41. Defendant's use of the Photograph, if widespread, would harm Plaintiff's potential market for the Photograph.

42. As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

## **FIRST COUNT**
### *(Direct Copyright Infringement, 17 U.S.C. §501 et seq.)*

43. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

44. The Photograph is an original, creative work in which Plaintiff owns valid copyright properly registered with the United States Copyright Office.

45. Plaintiff has not licensed Defendant the right to use the Photograph in any manner, nor has Plaintiff assigned any of its exclusive rights in the copyrights to Defendant.

46. Without permission or authorization from Plaintiff, and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant improperly and illegally copied, stored, reproduced, distributed, adapted, and/or publicly displayed a work copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

47. Defendant's reproduction of the Photograph and display of the Photograph constitutes willful copyright infringement. *Feist Publications, Inc. v. Rural Telephone Service Co., Inc.*, 499 U.S. 340, 361 (1991).

48. Plaintiff is informed and believes and thereon alleges that the Defendant

willfully infringed upon Plaintiff's copyrighted Photograph in violation of Title 17 of the U.S. Code, in that it used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, the original and unique Photograph of the Plaintiff without Plaintiff's consent or authority, by using them in the infringing video and article on the Account and the Website, respectively.

49. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each infringement pursuant to 17 U.S.C. § 504(c).

50. As a result of the Defendant' violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Defendant.

51. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of his copyright pursuant to 17 U.S.C. § 502.

## JURY DEMAND

52. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff respectfully requests judgment as follows:

That the Court enters a judgment finding that Defendant has infringed upon Plaintiff's rights to the Photograph in violation of 17 U.S.C. §501 et seq. and award damages and monetary relief as follows:

    a. finding that Defendant infringed upon Plaintiff's copyright interest in the Photograph by copying and displaying it without a license or consent;

    b. for an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. §

504(b) in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;

c. for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant from any infringing use of any of Plaintiff's works;

d. for costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;

e. for pre-judgment interest as permitted by law; and

f. for any other relief the Court deems just and proper.

DATED: August 18, 2023

**SANDERS LAW GROUP**

By: ___/s/ Craig B. Sanders___
Craig B. Sanders, Esq.
333 Earle Ovington Blvd, Suite 402
Uniondale, NY 11553
Tel: (516) 203-7600
Email: csanders@sanderslaw.group
File No.: 126332

*Attorneys for Plaintiff*